

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00790-CR

Ventura Reyes **ALVARADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR9646
Honorable Lorina I. Rummel, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  September 21, 2016

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

After Appellant Ventura Reyes Alvarado pled true to violating the conditions of his community supervision, the trial court revoked his community supervision and sentenced him to six years' imprisonment. The trial court assessed a fine in the amount of $1,500.00 as well as court courts of $510.00[1] and restitution of $75.00. Alvarado's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Alvarado

---

[1] According to the Bill of Cost, the court costs included $200.00 for appointed attorney.

with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Alvarado did not file a *pro se* brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, we also conclude the judgment assessing court-appointed attorney's fees as costs against Alvarado should be modified because the record reflects he is indigent. A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Gates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013); TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). The record in this case does not support a determination that Alvarado's financial circumstances or ability to pay attorney's fees changed after the trial court first determined him to be indigent. *See Gates*, 402 S.W.3d at 252. The proper remedy is to reform the judgment and to delete the attorney's fees from the bill of cost as well as any ensuing order permitting withdrawals from the appellant's inmate account. *See id.* at 251-52.

Therefore, we modify the judgment to delete the assessment of attorney's fees against Alvarado. The bill of cost and any order to withdraw funds from appellant's inmate trust account are modified to delete the requirement that he pay $200.00 in court-appointed attorney fees. We grant the motion to withdraw filed by Alvarado's appellate counsel and affirm the trial court's judgment as modified.

No substitute counsel will be appointed. Should Alvarado wish to seek further review of this case by the Texas Court of Criminal Appeals, Alvarado must either retain an attorney to file a petition for discretionary review or Alvarado must file a *pro se* petition for discretionary review.

Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Rebeca C. Martinez, Justice

DO NOT PUBLISH